UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CR-019-CVE |
| | ) |
| COREY SHAMON MCKINNEY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is plaintiff's Notice of Intent to Introduce Evidence pursuant to Fed. R. Evid. 404(b) (Dkt. # 55). Plaintiff intends to offer evidence that defendant has previously been convicted of possession of a firearm after felony conviction and possession of methamphetamine with intent to distribute in state court in 2006 and 2015. Dkt. # 55, at 1. Defendant has filed on objection (Dkt. # 59) to Rule 404(b) notice, and he asks the Court to exclude evidence of his prior convictions and prevent plaintiff from impeaching him with this evidence if he testifies at trial.

On February 6, 2020, a grand jury returned an indictment charging defendant with being a felon in possession of a firearm (count one), possession of heroin, methamphetamine, and marijuana with intent to distribute (counts two, three, and four), maintaining a drug-involved premises (counts five and six), and possession of a firearm in furtherance of a drug trafficking crime (count seven). Dkt. # 2. A superseding indictment has been returned that includes a charge for possession of an unregistered silencer (count eight). Dkt. # 34. Plaintiff states that defendant has prior state court convictions for possession of a firearm after felony conviction in 2006 and 2015 and two convictions for possession of methamphetamine with intent to distribute in 2015.

Rule 404(b) provides, in pertinent part:

Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

. . .

This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

However, Rule 404(b) does not apply to "other act" evidence which is admitted as proof of the charged conduct; it applies only to evidence of acts extrinsic to the charged crime. United States v. Irving, 665 F.3d 1184, 1212 (10th Cir. 2011). The Tenth Circuit has held that "intrinsic evidence is that which is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." Irving, 665 F.3d at 1212. Moreover, "'[a]n uncharged act [is not] extrinsic if it was part of the scheme for which a defendant is being prosecuted . . . .'" United States v. DeLuna, 10 F.3d 1529, 1532 (10th Cir. 1993) (quoting United States v. Record, 873 F.2d 1363, 1372 n.5 (10th Cir. 1989)).

The Court initially notes that count one of the superseding indictment charges defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the fact of a prior conviction is an essential element of count one. Dkt. # 34, at 2-3. Therefore, the typical Rule 404(b) analysis does not apply to plaintiff's request to admit evidence of defendant's prior convictions, and evidence concerning defendant's prior convictions is admissible regardless of whether it meets the requirements of Rule 404(b). In Old Chief v. United States, 519 U.S. 172 (1997), the Supreme Court determined that it would be unfairly prejudicial under Fed. R. Evid. 403 to allow the prosecution to offer evidence as to the nature of defendant's prior conviction when the defendant is willing to

stipulate to the fact that he has previously been convicted of a felony. Id. at 191. Allowing the prosecution to introduce details about a defendant's prior convictions would provide no relevant evidence if the defendant is willing to admit to his legal status as a convicted felon, and the Court must permit a defendant to stipulate to the fact of a prior conviction even over the objection of the prosecution. Unites States v. Silva, 889 F.3d 704, 713-14 (10th Cir. 2018). In light of the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), a defendant must also stipulate that he knew of the felony conviction when he allegedly possessed a firearm or ammunition, or the prosecution will be permitted to offer evidence of defendant's prior conviction to establish this essential element of a § 922(g)(1) charge. United States v. Grant, 2020 WL 7398780, *2 (D. Colo. Dec. 17, 2020).

      Plaintiff intends to offer evidence of defendant's drug prior convictions to show defendant knew that drugs were located in his residence and that the presence of drugs was not accidental. Dkt. # 55, at 5. As to count one, plaintiff intends to offer defendant's prior firearms convictions to "show motive and intent to possess the firearms and that the firearms were not in the residence by mistake." Id. at 6. The Court finds that both arguments overlook the key issue, which is that evidence of defendant's prior convictions goes to an essential element of count one, and defendant's decision concerning an Old Chief stipulation will control whether plaintiff is permitted to offer evidence as to the nature of defendant's prior convictions. There is no reason for the Court to engage in an analysis as to whether evidence of defendant's prior convictions is admissible under Rule 404(b), and defendant should be prepared to discuss the issue of an Old Chief stipulation at the pretrial conference.

Defendant also argues that he may choose to testify at trial and he asks that plaintiff be prohibited from impeaching him with his prior convictions. When a defendant takes the stand in a criminal case, the government is ordinarily permitted to impeach the defendant with evidence of any prior convictions under Fed. R. Evid. 609(a). United States v. Haslip, 160 F.3d 649, 654 (10th Cir. 1998). Even though defendant intends to enter an Old Chief stipulation, evidence concerning his prior convictions could be used if there is another basis to use the evidence at trial, such as Rule 609, and use of this evidence would not be unfairly prejudicial. United States v. Crawford, 130 F.3d 1321, 1323 (8th Cir. 1997). By taking the stand, a defendant places his credibility at issue and he may forego the protection afforded by the Old Chief stipulation. United States v. Kemp, 546 F.3d 759, 763 (6th Cir. 2008). The Tenth Circuit has created a "special balancing test" when the prosecution seeks to impeach a defendant with his prior convictions due to a serious risk that evidence of prior convictions "will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes." United States v. Smalls, 752 F.3d 1227, 1240 (10th Cir. 2014). District courts should consider the following five factors to determine whether a defendant who chooses to testify can be impeached with a prior conviction:

> (1) the impeachment value of defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial.

Id. Given the high degree of similarity between defendant's prior convictions and the offenses charged in this case, there is a substantial risk that a jury would improperly treat evidence related to defendant's prior convictions as propensity evidence. However, plaintiff has not had an opportunity

to respond to defendant's request to prevent impeachment by means of his prior convictions, and the parties should also be prepared to discuss this issue at the pretrial conference.

    **IT IS SO ORDERED** this 1st day of June, 2021

                                        CLAIRE V. EAGAN
                                        UNITED STATES DISTRICT JUDGE